# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA BAUDOIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:26-cv-03265-MDH** |
| | ) | |
| **JPMORGAN CHASE BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase Bank") Motion to Dismiss for Failure to State a Claim. (Doc. 6). The Defendant filed Suggestions in Support (Doc. 7), Plaintiff Cynthia Baudoin filed Suggestions in Opposition (Doc. 9) and Defendant filed a reply. (Doc. 11). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

This case arises from an alleged commercial instrument Plaintiff purportedly sent to Defendant to prepay a credit card account. The Plaintiff is a *pro se* individual residing in Taney County, Missouri. The Defendant is a national banking association doing business in Missouri with its principal office in New York, New York.

On or about September 25, 2025, Plaintiff transmitted to Defendant by certified mail an alleged "Conditional Acceptance", "Affidavit of Security Interest", and a "Bill of Exchange" in the amount of $120,000.00. Plaintiff alleges this tender represented twelve billing cycles at the chase credit card's $10,000.000 limit. Plaintiff alleges that Defendant did not apply the tender, did

1

not return the instrument with objection, and failed to respond with verified accounting or rebuttal under oath. Plaintiff alleges that she subsequently issued amendments, additional notices of fault, opportunity to cure, and a final notice of default. Plaintiff states that Defendant failed to reply or to remedy the matter. On December 22, 2025 Plaintiff then alleges she filed a UCC-1 Financing Statement perfecting her claim of security interest and followed up with another amendment and a reminder of a verbal cease and desist to Defendant. The Plaintiff states that as of the filing of this Complaint the Defendant has not settled the account, applied the commercial tender, or discharged the alleged obligation, thereby retaining benefit without fulfillment of contractual or equitable obligation.

The Plaintiff brings two counts within her Complaint: Count I - Unjust Enrichment and Count II - Injunctive Relief. The Defendant brings its current motion arguing that Plaintiff's purported "Bill of Exchange" does not include an unconditional promise to pay a fixed amount of money, payable on demand or at a definite time, and payable o bearer or order. The Defendant states that no bank, institution, or individual could present this document to anyone and demand money because it has no value. The Defendant asserts that it has received no benefit and thus Plaintiff's claim for unjust enrichment fails as a matter of law. Further, the Defendant argues that because Plaintiff's claim for unjust enrichment fails, so too does her claim for injunctive relief, which is not a stand-alone cause of action as a matter of law.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving

party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

**I.      Count I - Unjust Enrichment**

Under Missouri law, a claim for unjust enrichment requires the Plaintiff to plead and prove three elements, "a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of that benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Hennessey v. Gap, Inc.*, 86 F.4th 823, 831 (8th Cir. 2023) (quoting *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014)).

The Defendant argues that Plaintiff cannot satisfy any of the elements of unjust enrichment as she has not alleged, nor can she, a legally valid benefit that has been conferred, appreciated, or accepted/retained. Specifically, Defendant argues that Plaintiff's claim rests on her assertion that she conferred a benefit on Defendant "by issuing a commercial tender for full settlement" in the form of a "Bill of Exchange" attached to her Complaint. (Doc. 1-1, page 2). The Defendant states Plaintiff's self-titled "Bill of Exchange" does not meet the elements as set out in Mo. Rev. Stat. § 400.3-104 to be classified as a negotiable instrument.   The Defendant asserts the "Bill of

3

Exchange" is no more than a piece of paper with some legal and financial buzzwords and citations to various authorities that purport to hold value but does not. The Defendant argues that Plaintiff did not confer a benefit upon Defendant by presenting it with the valueless "Bill of Exchange" and thus Plaintiff's claims should be dismissed.

Plaintiff argues that the instrument she submitted to Defendant was not an informal note or casual correspondence but rather a commercial instrument with supporting documentation intended to communicate a specific tender and proposed method of settlement. Plaintiff further argues that whether the instrument ultimately satisfies every legal requirement asserted by Defendant presents a question that should not be resolved solely through Defendant's characterization of the document but rather that the instrument speaks for itself. The Plaintiff further insists that Defendant has the obligation to provide an opportunity to cure or return the negotiable instrument and failed to do so. Plaintiff argues therefore whether it satisfies every legal requirement is moot.

Mo. Rev. Stat. § 400.3-104 defines negotiable instruments and states:

A "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of the obligator.

4

The Plaintiff has failed to raise a right to relief above a speculative level as to Court I - Unjust Enrichment. Even construing Plaintiff's Complaint liberally, she fails to state a claim. First, Plaintiff's self-titled Bill of Exchange does not qualify as a negotiable instrument. The purported Bill of Exchange is not payable to the bearer or to order at the time it is issued or first comes into possession of a holder nor is it payable on demand or at a definite time. The self-titled Bill of Exchange does not state any account information, process, or information by which Defendant could redeem the amount listed by Plaintiff. Of all the documents attached by Plaintiff to her Complaint, none establish any legal obligation by Defendant to credit her account. The Plaintiff has failed to show a benefit conferred on Defendant as there is no redeemable value that can be had from the purported Bill of Exchange.

Further, Plaintiff's Complaint is clearly frivolous and akin to a variety of cases this District has routinely dismissed at the motion to dismiss stage. *See Hurt v. Exeter Fin., LLC*, No. 4:23-CV-1285 JSD, 2023 WL 8088601, at *5 (the court denied Hurt's post-dismissal motion to amend his complaint emphasizing that "[o]ne cannot pay debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'"); *Keller v. PennyMac Loan Servs., LLC*, No. 3:24-CV-05041-MDH, 2024 WL 4980793, at *2 (W.D. Mo. Dec. 4, 2024) (finding that plaintiff did not create a negotiable instrument when he returned a monthly mortgage slip to his creditor with the words "accepted for deposit" and "pay to bearer" but did not include payment); *Bey v. JP Morgan Chase & Co.*, No. 4:25 CV 721 RWS, 2025 WL 2050351, at *5 (E.D. Mo. July 22, 2025) ("The signed billing statements are not checks or certificates of deposit, and JPMC could not present the signed billing statements to anyone and demand money. As a result, they are not negotiable instruments.").

5

For the reasons stated above, the Court finds Plaintiff's Complaint is frivolous and to which she fails to state a claim upon which relief can be granted. Defendant's Motion to Dismiss Count I - Unjust Enrichment is **GRANTED**.

## II.     Count II - Injunctive Relief

The Defendant argues that Plaintiff's Count II - Injunctive Relief fails as this count cannot itself stand as an independent cause of action. The Plaintiff concedes that injunctive relief is a remedy rather than an independent standalone cause of action. The Plaintiff argues that the request for injunctive relief is ancillary to the substantive claims asserted and is required to prevent ongoing alleged harm during the pending proceedings.

In general, "Plaintiffs may seek injunctive relief as part of their prayer for relief in another claim, but this remedy cannot stand as separate causes of action." *Lackie Drug Store, Inc. v. Express Scripts, Inc.*, No. 4:23-CV-01669-MAL, 2025 WL 3214306, at *7 (E.D. Mo. Nov. 18, 2025) (quoting *Henke v. Arcon Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1060 (E.D. Mo. 2010)).

The Plaintiff has failed to raise a right to relief above a speculative level as to her Court II - Injunctive Relief. The parties agree that Plaintiff's Count II - Injunctive Relief is a remedy rather than a standalone cause of action and thus cannot be supported as an independent claim. To the extent that it is requested pursuant to Plaintiff's Count I - Unjust Enrichment claim, it is dismissed as Plaintiff failed to raise a right to relief above a speculative level as to her unjust enrichment claim. For the reasons stated, Defendant's Motion to Dismiss Count II - Injunctive Relief is **GRANTED**.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **GRANTED** as to Count I - Unjust Enrichment and Count II - Injunctive Relief.

**IT IS SO ORDERED.**

DATED:  June 25, 2026

<u>   */s/ Douglas Harpool*               </u>
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

7